IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| KENNETH EARL SMITH, JR., | |
| Petitioner, | CIVIL ACTION NO.: 2:24-cv-112 |
| v. | |
| WARDEN, FCI JESUP, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

Petitioner Kenneth Smith ("Smith"), who was incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, and Respondent filed a Motion to Dismiss. Docs. 1, 4. Smith filed a Response, Respondent filed a Reply, and Smith filed a Surreply. Docs. 8, 11, 12, 13. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DENY as moot** Smith's Petition. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to close this case and enter the appropriate judgment of dismissal and **DENY** Smith *in forma pauperis* status on appeal.

## BACKGROUND

Smith was convicted in the District of Nevada of eight counts of illegal acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), and one count of engaging in a business without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D).

Doc. 4-1 at 6.  Smith was sentenced to 63 months in prison, and his sentence was later reduced to 40 months in prison after the grant of his compassionate release request.  Id.  Smith was released from the Bureau of Prisons' ("BOP") custody on October 29, 2024.  Id.; https://www.bop.gov/inmateloc/, search for Number 69604-509, Smith, Kenneth Earl (last visited June 13, 2025).[1]

In his Petition, Smith states his due process rights were violated during disciplinary proceedings that resulted in the loss of good conduct time credits and the loss of telephone and commissary privileges.  Doc. 1.  Respondent alleges Smith has been released from custody, which renders his Petition moot.  Doc. 4.

## DISCUSSION

I.   **Smith's Petition Is Moot**

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'"  Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014).  This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations."  Id.  There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement."  Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).  Regarding the mootness strand, the United States Supreme Court has made clear "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"  Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted).  Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to

---

[1]   Smith has provided a new address.  Doc. 13.  The Clerk of Court should update Smith's address on the docket of this case and use this new address when mailing filings to Smith.

which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "Events which occur subsequent to the filing of a petition may render the matter moot." Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997)).

Here, Smith asks the Court to order the expungement of his disciplinary record, restoration of his lost good conduct time, and reinstatement of his lost privileges. As Smith has since been released from the BOP's custody during the pendency of his Petition, which is an event occurring after he filed his Petition, there is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216; see also Wykoff v. Woods, Civil Action No. 2:19-CV-72, 2021 WL 537245, at *3 (M.D. Ala. Jan. 21, 2021) (dismissing as moot habeas petition upon petitioner's release from "incarcerative sentence" where petitioner sought expungement of disciplinary record), adopted by 2021 WL 521303 (Feb. 11, 2021). Although Smith contends his release did not render his Petition moot, his claims of speculative, future harm do not present justiciable claims for relief. Church of Scientology, 506 U.S. at 12; Carson v. Crews, Case No.: 3:13cv623, 2014 WL 10540043, at *10 (N.D. Fla. Dec. 31, 2014) (citing Graham v. Duckworth, 175 F.3d 1019 (7th Cir. 1999), and Bailey v. Southerland, 821 F.2d 277, 279 (5th Cir. 1987), for the notions, respectively, that a request for

3

expungement of disciplinary record mooted by release and the mere possibility of future consequences too speculative to give rise to case or controversy). Accordingly, the Court should **GRANT** Respondent's Motion to Dismiss and **DENY as moot** Smith's Petition for Writ of Habeas Corpus.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Smith leave to appeal *in forma pauperis*. Though Smith has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY as moot** Smith's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Smith leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of

Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 13th day of June, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA